**LOMAS MORTGAGE, INC., Appellant,**

v.

**Esperandieu and Antonine LOUIS, Appellees.**

**Civ. A. No. 95–11323–EFH.**

United States District Court,
D. Massachusetts.

July 31, 1995.

John J. Monaghan, Sherburne, Powers & Needham, Boston, MA, for appellant.

Joseph G. Albiani, Winchester, MA, for appellees.

1. The parties dispute the value of the collateral. The appellant urges that the value is $85,000. The Louises allege, and the Bankruptcy Court found, that the property is valued at $60,000.

2. Section 1332(b)(2) provides that the plan may: modify the rights of holders of secured claims,

**MEMORANDUM AND ORDER**

HARRINGTON, District Judge.

This is an appeal from a decision of the Honorable Joan Feeney, United States Bankruptcy Judge, allowing the Louises' Motion under 11 U.S.C. § 1322(b)(2) to Modify the Rights of a Holder of a Secured Claim, and the Louises' Motion for Determination of Secured Status under 11 U.S.C. § 506. Jurisdiction to consider this appeal is found under 28 U.S.C. § 158(a). This Court's review of the Bankruptcy Court's legal conclusions is on a *de novo* basis. *See* Fed.R.Bankr.P. 8013.

The Appellant is the current holder of a note executed by the Louises on February 19, 1987 for $159,300 and secured by a mortgage on a three-family home in Brockton. The Louises live in one apartment, a relative lives in the second apartment and the third apartment is rented. The Louises defaulted on their note obligations, the appellant commenced foreclosure proceedings, and on January 22, 1995 the Louises filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In their Chapter 13 proceedings, the Louises sought to "bifurcate" appellant's claim into a secured claim equal to the value of the collateral,[1] and an unsecured claim for the balance by filing a Motion Under 11 U.S.C. § 1332(b)(2) to Modify the Rights of a Holder of a Secured Claim, and a Motion for Determination of Secured Status under 11 U.S.C. § 506. The Bankruptcy Court allowed the Louises' motions.

The appellant argues that the Bankruptcy Court's decision contravenes the Supreme Court's ruling in *Nobelman v. American Savings Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), which held, in essence, that "§ 1332(b)(2)[2] prohibits ... modification where, as here, the lender's claim is secured only by a lien on the debtor's principal residence." *Id.* at ——, 113 S.Ct. at 2111. However, a number of Bankruptcy

other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Courts since the *Nobelman* decision have distinguished the *Nobelman* ruling. The Bankruptcy Court for the District of Massachusetts, Boroff, J., noted that the *Nobelman* decision "offered little guidance" on the issue of whether a claim secured by income producing property is precluded from modification by Section 1132(b)(2). *In re Franciscek Legowski,* 167 B.R. 711, 713 (D.Mass.1994). The Court followed a line of authority and held that a claim secured by the debtor's residence and property which has "inherently income producing" power is not protected from modification by § 1332(b)(2). *Id.* at 714 (quoting *Adebanjo v. Dime Savings Bank, FSB,* 165 B.R. 98, 104 (Bankr.D.Conn.1994); *In re Torres Lopez,* 138 B.R. 348, 349 (Bankr. P.R.1992); *In re McVay,* 150 B.R. 254 (Bankr.D.Or.1993); *In re Ramirez,* 62 B.R. 668 (Bankr.S.D.Cal.1986).

The appellant urges that we adopt the position set forth by the Bankruptcy Court for the District of Rhode Island which considered a claim against a debtor's residence which also contained a rental unit which was "occasionally rented." *In re Jeannette R. Guilbert,* 165 B.R. 88 (D.R.I.1994). In that case, the court ruled that Section 1332(b)(2) "does not say, nor does it imply that if the debtor's principal residence is also used to house other tenants, paying or otherwise, that it may be open to modification by the homeowner." *Id.* at 89. The *Legowski* court referred to the holding in *Guilbert,* but chose not to follow it. *Legowski,* 167 B.R. at 714. This Court will do the same. The decision of the Bankruptcy Court is affirmed.

SO ORDERED.