## In re Jesus DEL VALLE, Iris Del Valle, Debtors.

### Bankruptcy No. 95–21619.

United States Bankruptcy Court, D. Connecticut.

Sept. 11, 1995.

---

348

Michael J. Auger, Cohen, Auger, Burns & Hard, Hartford, CT, for Connecticut Housing Finance Authority, Secured Creditor.

Wilfredo Morales, Meriden, CT, for debtors.

Gilbert L. Rosenbaum, Chapter 13 Trustee, Hartford, CT.

*CORRECTED* [1] *RULING ON OBJECTION TO CONFIRMATION OF A CHAPTER 13 PLAN*

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

The sole issue to be resolved by this ruling is whether 11 U.S.C. § 1322(b)(2) [2] prevents Chapter 13 debtors from modifying the rights of the secured creditor holding a first mortgage on the debtors' primary residence, a two-family dwelling (the "Property").

1. Ruling corrected to add first line at top of page 3 which was omitted from original ruling issued on September 6, 1995.

2. 11 U.S.C. § 1322(b)(2) provides that "the plan may—

. . . . .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; . . . . "

## II.

Jesus Del Valle ("Jesus") and Iris Del Valle (together "the Debtors") filed a joint petition seeking relief under Chapter 13 on May 3, 1995. The debtors' second amended Chapter 13 plan (the "Plan") proposes that the Debtors make monthly payments of $451.85 for 60 months to the Chapter 13 trustee. The Plan provides, in pertinent part, that during the term of the plan, the trustee pay a mortgage arrearage of $18,-400.69 to Connecticut Housing Finance Authority ("CHFA"), the holder of the first mortgage on the Property; that the Debtors continue to pay current mortgage payments directly to CHFA; that the mortgage claim held by CHFA be deemed partially secured and partially unsecured and that the unsecured portion, along with all other unsecured claims, be paid nothing.

The court, on June 22, 1995, pursuant to the Debtors' motion under Fed.R.Bankr.P. 3012 [3], determined the value of the CHFA claim secured by its mortgage on the Property. The court found: (i) the value of the Property to be $44,000; and (ii) that CHFA thereby held a secured claim of $44,000 and an unsecured claim of $40,536.02.

## III.

At the plan confirmation hearing Jesus testified that the Debtors had purchased the Property on March 31, 1987; that the Property had previously been advertised for sale as a two-family residence; that the Debtors have been renting out one floor of the property since the purchase and they presently receive $600 monthly in rental payments. The Debtors, with their children, reside on the other floor of the Property.

11 U.S.C. § 1322(b)(2).

3. Fed.R.Bankr.P. 3012 provides:

The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

FED.R.BANKR.P. 3012.

The Debtors at the date of the purchase had granted a first mortgage in the original amount of $81,900 on the Property to The Central Bank for Savings (the "Bank"). The Bank immediately assigned the mortgage deed to CHFA. The mortgage deed, in paragraph 20, provides: "As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable." Debtor's Exhibit 1.

### IV.

■ The Debtors contend, and CHFA denies, that their Plan may modify CHFA's mortgage in the manner described since the prohibition against modifying residential mortgages contained in § 1322(b)(2) does not apply to a two-family dwelling in which the debtors reside and where they rent out the other dwelling. The Debtors rely on case law, including a ruling in this district, which generally holds that secured claims such as held by CHFA are not claims "secured *only*" by "the debtor's principal residence" and thus can be modified. *See Adebanjo v. Dime Savings Bank of New York FSB (In re Adebanjo)*, 165 B.R. 98 (Bankr.D.Conn.1994). In *Adebanjo*, Judge Alan H.W. Shiff recently ruled, as an alternate holding, that "real property which is designed to serve as the principal residence not only for the debtor's family but for other families is not encompassed by [§ 1322(b)(2) ]." *Id.* at 104. That holding, and the cases cited in *Adebanjo*, have been followed with but one reported apparent exception. *See Lomas Mortgage, Inc. v. Louis*, 184 B.R. 630 (D.Mass.1995) (allowing Chapter 13 debtor to modify mortgage secured by three-family home where debtor lives in one apartment, relative lives in second apartment and third apartment is rented); *In re Wetherbee*, 164 B.R. 212 (Bankr.D.N.H.1994) (Chapter 13 debtor can modify rights of first mortgagee which on date of filing held claim secured by two-family residence used as both debtor's residence and as rental property); *In re Legowski*, 167 B.R. 711 (Bankr.D.Mass.1994) (Mortgagee with security interest in two-family

dwelling consisting both of Chapter 13 debtors' residence and of another rented dwelling was not creditor whose claim was secured only by interest in real property that is debtor's principal residence within meaning of § 1322(b)(2)); *In re McGregor*, 172 B.R. 718 (Bankr.D.Mass.1994) (Chapter 13 debtor can modify mortgage secured by a four unit apartment building where debtor used one unit as her residence and rented other units). *But see (In re Guilbert)*, 165 B.R. 88 (Bankr. D.R.I.1994) (§ 1322(b)(2) prohibits modification of principal residence mortgage regardless of whether residence part of multifamily dwelling rented by debtor to others) *rev'd on other grounds*, 176 B.R. 302 (D.R.I.1995).

■ CHFA contends that *Adebanjo* and the precedent on which it relied "runs directly afoul" of the decision in *Nobelman v. American Savings Bank*, ―― U.S. ――, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). CHFA's Memorandum of Law at p. 2–3. CHFA's reliance on *Nobelman* is misplaced. *Nobelman* never specifically addressed the issue of when a claim is considered to be secured "only by a security interest in real property that is the debtor's principal residence." *See* 11 U.S.C. § 1322(b)(2). CHFA holds a security interest in the Debtor's entire building, which includes both the Debtor's principal residence and one income producing rental unit. As *Adebanjo* points out, § 1322(b)(2) "protects claims secured only by a security interest in real property that *is* the debtor's principal residence, not real property that *includes* or *contains* the debtor's principal residence ..." *Adebanjo*, 165 B.R. at 104.

CHFA also argues that "[t]he mortgage documents that were entered into evidence contain no assignment of rents or other instrument by which CHFA obtained a security interest in collateral other than the debtor's principal residence." CHFA's Memorandum of Law at p. 13. This is a misstatement. In fact, the mortgage deed, as noted, in paragraph 20 provided for an assignment of rents "[a]s additional security...." Debtor's Exhibit 1.

### V.

The objection of CHFA to the confirmation of the Debtors' Plan must be, and hereby is,

overruled.  An order will enter confirming the Plan.  It is

SO ORDERED.